PI-835   #420

CODED

G

IMAGED   DEC 09 2015

24th JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

DOCKET NO. 755-930                               DIVISION " G "

JAMES RAVANNACK

VERSUS

KHEMRAJ DAVE HARDAT, CECILIA HARDAT,
O4 WORLDWIDE HOLDINGS, LLC,
ANSCHUTZ ENTERTAINMENT GROUP, INC.,
d/b/a LA GALAXY and CALO4NIA CAPITAL, L.L.C.

FILED: _____

                                        _____
                                                    DEPUTY CLERK

PETITION FOR DAMAGES, DECLARATORY JUDGMENT
AND COLLECTION OF PROMISSORY NOTE

The petition of JAMES RAVANNACK, a person of the full age of majority and resident of

the Parish of Jefferson, State of Louisiana, appearing herein through undersigned counsel, who

submits this Petition for Damages and represents, as follows:

I.

Made defendant, KHEMRAJ DAVE HARDAT, a person of the full age of majority and an

alien of the United States, residing in the City of Los Angeles, State of California, who has 80%

membership interest in O4 Worldwide Holdings, LLC, and who has conducted fraudulent activities

in connection with the business transactions therein.

II.

Made defendant, CECILIA HARDAT, a person of the full age of majority and an alien of the

United States, residing in the City of Los Angeles, State of California, and who conspired with her

husband, KHEMRAJ DAVE HARDAT, to fold O4 Worldwide Holdings, LLC and market BLUE

O4 Drink with a newly formed entity.

III.

Made defendant, O4 WORLDWIDE HOLDINGS, LLC, a Florida Limited Liability

Company, whose primary business activity was to market and distribute BLUE O4, a Naturally

Oxygenated Enhanced Water.

-1-

24th E-Filed: 12/03/2015 11:23:38 Case: 755930 Div:G Atty:019173 J DOUGLAS   SUNSERI

EXHIBIT

1

**IV.**

Made defendant, ANSCHUTZ ENTERTAINMENT GROUP, INC. d/b/a LA GALAXY, is an American professional soccer team competing in the Major League Soccer (MLS) in the Western Conference.

**V.**

Made defendant, CALO4NIA CAPITAL, LLC, a Limited Liability Company, organized with the Secretary of State for the State of California with Khemraj Dave Hardat as the sole member. Said defendant is the newly formed entity that is illicitly marketing and distributing BLUE O4 Naturally Oxygenated Enhanced Water.

**VI.**

This action arises from a series of fraudulent representations by Khemraj Dave Hardat and his co-conspirator, Cecilia Hardat, about their intention and capability to jointly market BLUE O4 Naturally Oxygenated Enhanced Water (herein sometimes referred to as "BLUE O4") and convinced James Ravannack, on the basis of such representations, to loan and utilize his contacts, manpower, expertise, and business acumen for their personal benefits. In connection with the agreement to jointly market and distribute BLUE O4, Khemraj Dave Hardat, on behalf of O4 Worldwide Holdings, LLC, executed a Promissory Note for $30,000,000.00 in favor of James Ravannack and personally guaranteed by Khemraj Dave Hardat, and secured by his 80% membership interest in O4 Worldwide Holdings, LLC. Defendants, Khemraj Dave Hardat and O4 Worldwide Holdings, LLC, defaulted on both the Promissory Note and Guaranty Addendum of the loan, and repeatedly made false promises of compliance of obligation in order to avoid and delay enforcement and collection proceedings against them. Instead, Khemraj Dave Hardat, with the collaboration of his wife, Cecilia Hardat, have intentionally folded O4 Worldwide Holdings, LLC and began marketing BLUE O4 Drink under another recently formed company, Calo4nia Capital, LLC.

**VII.**

Plaintiff, James Ravannack, seeks (a) compensatory damages representing (i) the $30,000,000.00 as per the payment on the $30,000,000.00 Promissory Note, (ii) reimbursement of

24th E-Filed: 12/03/2015 11:23:38 Case: 755930 Div:G Atty:019173 J DOUGLAS   SUNSERI

loans and expenses, (iii) declaration that BLUE O4 is property of O4 Worldwide Holdings, LLC, (iv) an adjudication for the transfer of Khemraj Dave Hardat 80% membership interest in O4 Worldwide Holdings, LLC to James Ravannack; (v) a Declaratory Judgment precluding Calo4nia Capital, LLC from marketing, distributing and/or selling BLUE O4; (vi) reasonable attorney's fees and the costs and disbursements of this action and other costs of collection, plus (vii) interest and such other and further relief as this Court deems proper.

**VIII.**

This is a civil enforcement action for declaratory relief, fraud, breach of contractual obligations under a written Promissory Note and other related causes of action. Venue is proper in the Parish of Jefferson, State of Louisiana in that many of the transactions and illicit conduct of certain defendants referenced herein occurred in the Parish of Jefferson, State of Louisiana and the Promissory Note and accompanying documents provide for venue for any litigation or disputes in Jefferson Parish, State of Louisiana.

**IX.**

Personal jurisdiction exists over Defendants, Khemraj Dave Hardat, Cecilia Hardat and O4 Worldwide Holdings, LLC because of their purposeful availment of the laws of the State of Louisiana by negotiating and agreeing to formulate and implement a marketing plan for BLUE O4 in Louisiana, and the incurring of time, effort and expense as well as the accompanying written agreement provided that Louisiana law would govern any disputes and that disputes between the parties would be heard by the courts of the Parish of Jefferson, State Louisiana. Further, LA Galaxy markets its professional soccer league to all 50 states in the United States including the State of Louisiana.

**X.**

Venue is proper in this Parish in that a substantial part of the events or omissions giving rise to the claim occurred in Jefferson Parish, and by reason of the express written consent of the parties per an Agreement and Promissory Note, Guaranty Agreement and Pledge of Securities, effective February 4, 2014.

-3-

24th E-Filed: 12/03/2015 11:23:38 Case: 755930 Div:G Atty:019173 J DOUGLAS  SUNSERI

**XI.**

At all times relevant, James Ravannack is an entrepreneur and founder of publically traded Superior Energy Company. Further, Mr. Ravannack owns Strength Systems, LLC, a national shoe manufacturer and marketing company selling a platform training shoe and other athletic training aids. Also, Mr. Ravannack is the President of USA Wrestling and Team Leader for the U.S. Olympic Committee for wrestling. He was inducted into the U.S. Wrestling Hall of Fame.

**XII.**

On January 29, 2014, O4 Worldwide Holdings, LLC, was organized with the Florida Secretary of State with Khemraj Dave Hardat as the sole member. Thereafter, on May 13, 2014, O4 Worldwide Holdings, LLC, was authorized to conduct business in the State of Nevada as per filings with the Nevada Secretary of State.

**XIII.**

At all times relevant, Khemraj Dave Hardat approached James Ravannack for his financial, business and marketing assistance in jointly marketing the BLUE O4 through the previously formed O4 Worldwide Holdings, LLC. Khemraj Dave Hardat was seeking the business acumen, contacts and financial backing of James Ravannack to market, distribute and sell BLUE O4 Drink to the United States Olympic Committee and Wrestling as well as distributors of his company, Strength Systems, LLC. Dave Hardat expressed his desire to provide and convey James Ravannack an equity interest in O4 Worldwide Holdings, LLC, in order to induce Mr. Ravannack's participation.

**XIV.**

In inducing James Ravannack to invest money, time, effort, intellectual property, and other efforts in O4 Worldwide Holdings, LLC, Khemraj Dave Hardat falsely represented that Pepsico had invested approximately $500,000,000.00 in a joint marketing effort of BLUE O4 Oxygenated Water. Khemraj Dave Hardat falsely represented to James Ravannack, a Senior Vice-President of the Whitney National Bank, and other prominent financiers that Pepsico had transferred $50,000,000.00 of Pepsico's $500,000,000.00 investment into his account. However, in reality, Pepsico never agreed nor was interested in the joint marketing of BLUE O4 as falsely represented by Khemraj Dave

24th E-Filed: 12/03/2015 11:23:38 Case: 755930 Div:G Atty:019173 J DOUGLAS  SUNSERI

Hardat. Said conduct, action and fraudulent inducement by Khemraj Dave Hardat and his wife, Cecilia Hardat, was fraudulent, deceptive and a violation of the Louisiana Unfair Trade Practices Act - LSA.R.S.51:1401 *et seq.*

### XV.

In late 2014-2015, James Ravannack sought to raise funds and finance the marketing of BLUE O4 Oxygenated Drink. Defendant, Khemraj Dave Hardat, portrayed himself as ready, willing and able to jointly market in BLUE O4 Drink with James Ravannack. During said time period, Khemraj Dave Hardat requested James Ravannack to fund advances of $100,000.00 and $86,000.00 as a loan to Khemraj Dave Hardat and Cecilia Hardat.

### XVI.

Plaintiff, James Ravannack, and O4 Worldwide Holdings, LLC, acting by and through Defendant, Khemraj Dave Hardat, agreed that James Ravannack would receive 20% interest in O4 Worldwide Holdings, LLC in return for the business acumen, expertise, value, and financing capability.

### XVII.

Effective February 4, 2014, Khemraj Dave Hardat executed a $30,000,000.00 Promissory Note on behalf of O4 Worldwide Holdings, LLC, as an inducement for James Ravannack utilizing his goodwill and other tangible or non-tangible assets to enhance the marketing, distribution and sale of BLUE O4 Oxygenated Drink through O4 Worldwide Holdings, LLC. Further, an accompanying Operating Agreement provided that James Ravannack would receive a 20% membership interest of O4 Worldwide Holdings, LLC.

### XVIII.

The Promissory Note provided that James Ravannack may demand Thirty Million Dollars & 00/100 ($30,000,000.00) after 180 days from the effective date of the Promissory Note, more specifically, February 4, 2014.

### XIX.

The value of James Ravannack's efforts, investment, use of intellectual property, expertise,

24th E-Filed: 12/03/2015 11:23:38 Case: 755930 Div:G Atty:019173 J DOUGLAS   SUNSERI

and goodwill is comparable to the value of the O4 Worldwide Holdings, LLC's Promissory Note for $30,000,000.00 in favor of James Ravannack guaranteed by Khemraj Dave Hardat.

### XX.

Defendant, Khemraj Dave Hardat, executed a Guaranty Addendum to the $30,000,000.00 Promissory Note providing that Khemraj Dave Hardat would be personally liable for non-payment of O4 Worldwide Holdings, LLC's obligation to pay James Ravannack.

### XXI.

Accompanying the Promissory Note, Khemraj Dave Hardat and James Ravannack executed a Pledge Agreement whereby Mr. James Ravannack is entitled to receive and/or be transferred an 80% membership interest of O4 Worldwide Holdings, LLC as a security interest for non-payment of the $30,000,000.00 Promissory Note in favor of James Ravannack.

### XXII.

### DEFENDANTS' DEFAULT

Defendant, O4 Worldwide Holdings, LLC, failed to pay the $30,000,000.00 contemplated by the Promissory Note.

### XXIII.

Defendant, Khemraj Dave Hardat, failed to make any payment pursuant to the Guaranty Addendum required by the Agreement and Promissory Note.

### XXIV.

In the alternative, Plaintiff, James Ravannack requests that pursuant to the Pledge of Securities that Khemraj Dave Hardat's 80% membership interest in O4 Worldwide Holdings, LLC, be transferred to James Ravannack, and he will be adjudicated as having 100% membership interest in O4 Worldwide Holdings, LLC, and be determined as the sole member of said LLC.

### XXV.

### FRAUD - UNFAIR TRADE PRACTICES ACT

Upon information and belief, all of the representations Khemraj Dave Hardat made as to his intent pertaining to a possible business and marketing arrangement with Pepsico were knowingly

24th E-Filed: 12/03/2015 11:23:38 Case: 755930 Div:G Atty:019173 J DOUGLAS  SUNSERI

false and fraudulently made, in that (a) such representations were material to the business arrangement with James Ravannack, (b) such representations were made with the intent to mislead James Ravannack into relying upon them, (c) James Ravannack justifiably relied upon the representations, and (d) as a result of its reliance upon Khemraj Dave Hardat's representations, James Ravannack suffered injury by loaning money as well as time, expenses, manpower, marketing, and other related expenses to O4 Worldwide Holdings, LLC that was not compensated and/or repaid.

## XXVI.

In 2015, Defendant, Khemraj Dave Hardat sent to Whitney Bank several fraudulent wire transfers attempting to portray the wiring of funds to James Ravannack and his credit account when, in fact, the funds actually had not been wired. This fraudulent and deceptive wiring activity was an attempt to deceive James Ravannack and Whitney Bank that funds were duly wired when, in fact, said funds were not wired.

## XXVII.

Specifically, Khemraj Dave Hardat forwarded to James Ravannack and Whitney Bank an e-mail with the subject line "External Wire Notification" in an attempt to defraud James Ravannack and Whitney Bank. Upon information and belief, the e-mail was Hardat's fraudulent creation in an attempt to deceive James Ravannack and Whitney Bank.

## XXVIII.

Further, at all times relevant herein, Defendant, Khemraj Dave Hardat falsely misrepresented his credentials to James Ravannack, Chad Ravannack, and/or third parties regarding his background and education. Defendant, Khemraj Dave Hardat, represented these false credentials in an effort to induce James Ravannack and third parties to participate and invest in financing, marketing and distributing BLUE O4. Further, Khemraj Dave Hardat falsely represented his association and sponsorships with professional athletes.

## XXIX.

The diversion of product, customers and business from O4 Worldwide Holdings, LLC to his newly formed entity, Calo4nia Capital, LLC, has caused irreparable injury to the business of O4

24th E-Filed: 12/03/2015 11:23:38 Case: 755930 Div:G Atty:019173 J DOUGLAS   SUNSERI

Worldwide Holdings, LLC and James Ravannack.

### XXX.

Khemraj Dave Hardat has been developing his own competing business and, upon information and belief, using the products, marketing plans and distribution systems developed for O4 Worldwide Holdings, LLC as his own products and systems. Further, he has solicited O4 Worldwide Holdings, LLC's customers, all while a member of O4 Worldwide Holdings, LLC by designing and seeking to construct his own competing business, and marketing that business and taking other steps to solicit O4 Worldwide Holding, LLC's customers. Further, Khemraj Dave Hardat breached his fiduciary duties to James Ravannack, and thereby engaged in unethical, deceptive conduct amounting to an unfair trade practice deemed to be unlawful conduct under LUTPA, L.S.A.-R.S.51: 1401 *et seq.*

### XXXI.

Defendant, Khemraj Dave Hardat's behavior in including improperly induced James Ravannack enter into the joint marketing arrangement of BLUE O4 through O4 Worldwide Holdings, LLC, even though he had neither the intent nor the ability to market, all for the purpose of wrongfully obtaining financing and resources from James Ravannack that Khemraj Dave Hardat never intended to repay is so reckless, willful or wanton that a finding of actual malice and an award of treble damages should be made.

### XXXII.

Defendant, Khemraj Dave Hardat, has a history of inducing third parties to invest in fraudulent ventures, as well as breach of fiduciary duties toward his partners in connection with said ventures. For example, in a civil litigation entitled, *Blaster Records, Ltd., Blaster Music Group, LLC, Blaster Sports Management, LLC, d/b/a Blaster Entertainment v. Key Science, LLC and Khemraj Dave Hardat,* Docket No. 1:14 CV-00454, in the federal court, Northern District of Ohio, Eastern Division, Dave Hardat had perpetrated a similar scheme against potential investors involving falsely inducing investors to invest in a scheme of David Hardat as well as transmission of false bank wires from a loan company. Said lawsuit is attached as Exhibit "A". Based on information and belief,

24th E-Filed: 12/03/2015 11:23:38 Case: 755930 Div:G Atty:019173 J DOUGLAS SUNSERI

Defendant, Khemraj Dave Hardat, has participated in similar schemes and/or illicit activity involving the transmission of false wires with other investors and banks.

## XXXIII.

Further, based on information and belief, in Spring of 2015, Khemraj Dave Hardat was incarcerated at a federal ICE facility in Orange County, CA, involving his multiple aliases.

## XXXIV.

Summarily, Khemraj Dave Hardat with the cooperation of his wife, Cecilia Hardat, opened a new entity and marketed BLUE O4 Oxygenated Water within the new entity. Khemraj Dave Hardat has retained the investment, intellectual property, marketing efforts, man hours, and goodwill from Mr. James Ravannack in developing and marketing BLUE O4 Oxygenated Water in a newly formed entity in order to preclude James Ravannack from benefitting his 20% membership interest in O4 Worldwide Holdings, LLC.

## XXXV.

The acts set forth herein also constitute violations and breaches of legal duties owed by a member or manager of a limited liability company to the company and its members under LSA-R.S. 12;1311, *et seq.*, and LSA-C.C. art.2820 and duties owed by a mandatary to his principal under LSA-C.C. arts. 2814, and 3001, *et seq.*

## XXXVI.

Khemraj Dave Hardat also misused his authority as mandatary to incur expenses and debts charged against O4 Worldwide Holdings, LLC's accounts while he was serving to market and promote BLUE O4 Oxygenated Drink for his own personal benefit and the benefit of his newly formed company, Calo4nia Capital, LLC.

## XXXVII.

### DECLARATORY RELIEF

Recently, Khemraj Dave Hardat entered into an endorsement and marketing agreement with the Anschutz Entertainment Group, Inc., d/b/a LA Galaxy, a Major League Soccer Team. However, LA Galaxy is breaching the sponsorship and marketing agreement by conducting its business

24th E-Filed: 12/03/2015 11:23:38 Case: 755930 Div:G Atty:019173 J DOUGLAS   SUNSERI

interactions and activities with Khemraj Dave Hardat's newly formed entity, Calo4nia Capital, LLC.

## XXXVIII.

Plaintiff, James Ravannack, is seeking a declaratory judgment requiring the Anschutz Entertainment Group, Inc., d/b/a LA Galaxy, to transact and conduct any marketing agreements and/or sponsorship agreements with O4 Worldwide Holdings, LLC as opposed to any subsequent and/or newly formed companies by Khemraj Dave Hardat, specifically, Cal04nia Capital, LLC.

## XXXIX.

Pursuant to Louisiana Code of Civil Procedure article 1871 *et seq.*, Petitioner seeks a declaration from this Court that:

   a.   Khemraj Dave Hardat is not entitled to market any BLUE O4 Oxygenated Drink outside of O4 Worldwide Holdings, LLC;

   b.   Khemraj Dave Hardat is not entitled to use or disclose any information contained in any and all records or documents originating from O4 Worldwide Holdings, LLC;

   c.   Khemraj Dave Hardat is not entitled to publish or disclose any claim to membership in any entities marketing and selling BLUE O4 Oxygenated Drink;

   d.   Khemraj Dave Hardat is not entitled to solicit, hire or interfere with the employees or contractors assisting in competing with the business operations of O4 Worldwide Holdings, LLC;

   e.   The expulsion of Khemraj Dave Hardat from the membership of O4 Worldwide Holdings, LLC and his 80% membership interest be transferred to James Ravannack; and

   f.   Khemraj Dave Hardat is not entitled to any compensation or any shares of equity or distribution of earnings of O4 Worldwide Holdings, LLC.

## XL.

By reason of the foregoing, both Defendants, Khemraj Dave Hardat, with the cooperation of his wife, Cecilia Hardat, are jointly and severally liable for the damages suffered by James Ravannack by their fraud in including James Ravannack to enter as an the ownership in O4

24th E-Filed: 12/03/2015 11:23:38 Case: 755930 Div:G Atty:019173 J DOUGLAS   SUNSERI

Worldwide Holdings, LLC, for damages, cost and reasonable attorney's fees.

### XLI.

At all times relevant, Celia Hardat was a co-conspirator in conducting the criminal and/or illicit activities of Khemraj Dave Hardat as described above.

### XLII.

The conduct and action of Khemraj Dave Hardat and/or his wife, Celia Hardat, constitute the following cause of action:

- Breach of Contract;
- Failure to pay on Promissory Note or Guaranty Agreement;
- Breach of fiduciary duty;
- Tort liability pursuant to Art. 2315;
- Fraud and misrepresentation;
- Conversion/theft;
- Violations of the Louisiana Unfair Trade Practices Act - LSA-R.S.51:1401 *et. seq.*;
- Detrimental reliance; and
- Other causes of action to be determined in discovery and at trial.

### XLIII.

Further, Defendants, Khemraj Dave Hardat and Cecilia Hardat, misused property and marketing materials of BLUE 04 Oxygenated Drink for purposes not in furtherance of O4 Worldwide Holdings, LLC and/or its member, James Ravannack, and, instead, with the interest of furthering their personal benefit of or for family purposes and to the detriment of James Ravannack.

### XLIV.

Plaintiff, James Ravannack seeks a Declaratory Judgment adjudicating that all revenues derived from the marketing and sale of BLUE O4 Oxygenated Water be revenues of O4 Worldwide Holdings, LLC.

### XLV.

Defendants, O4 Worldwide Holdings, LLC, Khemraj Dave Hardat and Cecilia Hardat, are

24th E-Filed: 12/03/2015 11:23:38 Case: 755930 Div:G Atty:019173 J DOUGLAS  SUNSERI

jointly and severally liable for the damages suffered by Plaintiff, James Ravannack, by their violations of their contractual duties under the Promissory Note, in the amount of not less than $30,000,000.00, together with James Ravannack's collection of costs and reasonable attorney's fees, plus previously specified damages and reimbursement of expenses and labor.

**WHEREFORE,** Petitioner, JAMES RAVANNACK, prays that Defendants be served with a copy of this Petition for Damages, Declaratory Judgment and Collection of Promissory Note, and after all legal delays and due proceedings be had, there be judgment against Defendants, KHEMRAJ DAVE HARDAT, CECILIA HARDAT, O4 WORLDWIDE HOLDINGS, LLC, ANSCHUTZ ENTERTAINMENT GROUP, INC. d/b/a LA GALAXY and CALO4NIA CAPITAL, LLC, *jointly and in solido,* for an amount to be determined by this Honorable Court reasonable for the damages sustained by Plaintiff, together with legal interest from date of judicial demand, reasonable attorney's fees, and for all costs incurred.

Further, Petitioner, JAMES RAVANNACK, prays that:

A.   This Honorable Court issue a declaratory judgment adjudicating all revenues derived from the marketing and sale of BLUE O4 Oxygenated Water be revenues of O4 Worldwide Holdings, LLC;

B.   This Honorable Court issue a declaratory judgment declaring Defendant, KHEMRAJ DAVE HARDAT, is not entitled to market any BLUE O4 Oxygenated Drink outside of O4 Worldwide Holdings, LLC;

C.   This Honorable Court issue a declaratory judgment declaring Defendant, KHEMRAJ DAVE HARDAT, is not entitled to publish or disclose any claim to membership in any entities marketing and selling BLUE O4 Oxygenated Drink;

D.   That Honorable Court issue a declaratory judgment declaring Defendant, KHEMRAJ DAVE HARDAT, is not entitled to solicit, hire or interfere with the employees or contractors competing with the business operations of O4 Worldwide Holdings, LLC;

E.   That this Honorable Court issue a declaratory judgment expelling Defendant, KHEMRAJ DAVE HARDAT, from the membership of O4 Worldwide Holdings,

24th E-Filed: 12/03/2015 11:23:38 Case: 755930 Div:G Atty:019173 J DOUGLAS   SUNSERI

LLC and his 80% membership interest be transferred to James Ravannack; and,

F.    That this Honorable Court issue a declaratory judgment that Defendant, KHEMRAJ DAVE HARDAT, is not entitled to any compensation or any shares of equity or distribution of earnings of O4 Worldwide Holdings, LLC;

G.    That this Honorable Court issue a declaratory judgment requiring Anschutz Entertainment Group, Inc. D/b/a LA Galaxy to transact and conduct any marketing agreements and/or sponsorship agreements with )4 Worldwide Holdings, LLC as opposed to Cal04nia Capital, LLC; and,

H.    There be judgment of this Honorable court awarding petitioner all other legal, equitable and general relief, as prayed for to which he is entitled.

**Respectfully submitted,**

*/s/ J. Douglas Sunseri*

**J. DOUGLAS SUNSERI (#19173)**
**NICAUD & SUNSERI LAW FIRM, L.L.C.**
A Group of Professional Law Corporations
3000 18th Street
Metairie, Louisiana 70002
Telephone:   (5O4) 837-13O4

Attorney for Plaintiff, James Ravannack

**PLEASE WITHHOLD ALL SERVICES**
**AT THIS TIME**

Khermraj David Hardat
VIA Louisiana Long Arm Statute

O4 Worldwide Holdings, LLC
VIA Louisiana Long Arm Statute

Cecilia Hardat
VIA Louisiana Long Arm Statute

Anschutz Entertainment Group, Inc.
VIA Louisiana Long Arm Statute

Calo4nia Capital, LLC
VIA Louisiana Long Arm Statute

24th E-Filed: 12/03/2015 11:23:38 Case: 755930 Div:G Atty:019173 J DOUGLAS  SUNSERI

PI-5I2

CODED

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BLASTER RECORDS, LTD., | ) | CASE NO. |
| BLASTER MUSIC GROUP, LLC AND | ) | |
| BLASTER SPORTS MANAGEMENT, | ) | JUDGE: |
| LLC, d/b/a/ BLASTER | ) | |
| ENTERTAINMENT | ) | |
| 8785 Mentor Avenue | ) | |
| Mentor, Ohio 44060 | ) | |
| | ) | __COMPLAINT__ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | __JURY TRIAL DEMANDED AS TO ALL__ |
| | ) | __ISSUES TRIABLE BY JURY__ |
| KEY SCIENCE, LLC, | ) | |
| 13506 Summerport Vlg Pkwy | ) | |
| Windermere, Florida 34786 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KHEMRAJ DAVE HARDAT, | ) | |
| 13506 Summerport Vlg Pkwy | ) | |
| Windermere, Florida 34786 | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, Blaster Records, Ltd., Blaster Music Group, LLC, and Blaster Sports

Management, LLC, collectively doing business as Blaster Entertainment, by its attorneys, Law

Offices of Michael G. Berger and Dubyak Connick Sammon & Bloom, LLC, for its Complaint

against defendants Key Science, LLC and Khemraj "Dave" Hardat ("Defendants"), alleges as

follows:

__NATURE OF THE CASE__

1.      This is an action for fraud in the inducement and breach of a promissory note.

This action arises out of a fraudulent "advance fee" scheme, pursuant to which Defendants made

24th E-Filed: 12/03/2015 10:48:04 Case: 755930 Div:G Atty:019173 J DOUGLAS   SUNSERI


EXHIBIT
A

a series of fraudulent representations about their intention and capability to purchase an interest in Blaster Entertainment, and convinced Blaster Entertainment on the basis of such representations to loan Defendants $150,000 and enter into a written purchase and loan agreement with them. Defendants then defaulted on both the purchase and repayment of the loan, and repeatedly made false promises of repayment in order to avoid and delay enforcement and collection proceedings against them.

      2.     Relying on Defendants' written agreement to purchase an interest in it, Blaster Entertainment withdrew from the private investment market and declined to pursue such a transactions with legitimate qualified prospective purchasers, thereby losing the opportunity to sell an ownership interest to such buyers.

      3.     Blaster Entertainment seeks (a) compensatory damages of not less than $5,200,000, representing (i) the $5,000,000 agreed purchase price, (ii) the $150,000 loan, and (iii) the $50,000 termination fee due upon failure to make the purchase, (b) punitive damages of not less than $1,000,000, (c) reasonable attorney's fees and the costs and disbursements of this action and other costs of collection, all as provided for under its written agreement with Defendants, plus (d) interest and such other and further relief as this Court deems proper.

## THE PARTIES

      4.     Plaintiff Blaster Entertainment consists of Blaster Records, Ltd., an Ohio limited liability company with its principal place of business at 8785 Mentor Avenue, Mentor, Ohio 44060; Blaster Music Group, LLC, an Ohio limited liability company with its principal place of business at 8785 Mentor Avenue, Mentor, Ohio 44060; and Blaster Sports Management, LLC, an Ohio limited liability company with its principal place of business at 8785 Mentor Avenue,

24th E-Filed: 12/03/2015 10:48:04 Case: 755930 Div:G Atty:019173 J DOUGLAS   SUNSERI

Mentor, Ohio 44060. Blaster Entertainment is engaged in artist development and management, merchandising, sports management, and marketing.

     5.     Defendant Key Science, LLC ("Key Science") is a Florida limited liability company, with its principal place of business located at 13900 CR 455, Ste. 107, Station 129, Clermont, Florida 34711. Key Science sells sports drinks.

     6.     Defendant Khemraj "Dave" Hardat ("Hardat") is Managing Partner of Key Science and, upon information and belief, is a citizen of the State of Florida.

### JURISDICTION AND VENUE

     7.     This is a civil enforcement action for fraudulent inducement and breach of contractual obligations under a written promissory note. This Court has original subject matter jurisdiction over this action because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1).

     8.     Personal jurisdiction exists over Defendants because of their purposeful availment of the laws of Ohio by negotiating and agreeing to purchase an interest in Blaster Entertainment, an Ohio company, and their express written agreement that such purchase would be governed by Ohio law and that disputes between the parties would be heard by the courts of Ohio.

     9.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District, and by reason of the express written consent of the parties per an agreement and promissory note dated October 16, 2013.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

A.     <u>The Preliminary Discussions and Negotiations</u>

24th E-Filed: 12/03/2015 10:48:04 Case: 755930 Div:G Atty:019173 J DOUGLAS  SUNSERI

10.   In or about 2013, Blaster Entertainment sought to raise funds by selling an equity ownership interest in itself. Defendants portrayed themselves as ready, willing, and able to invest in Blaster Entertainment. Blaster Entertainment had other suitors, but following a series of discussions with Defendants, during which Defendants represented and portrayed themselves as having the intent and ability to purchase an ownership interest in Blaster Entertainment for $5,000,000, Blaster Entertainment agreed to sell an ownership interest to Key Science. During those discussions, Defendants requested that Blaster Entertainment advance $150,000 as a loan to Key Science before Key Science's purchase. Blaster Entertainment agreed to make the advance.

**B.      The Agreement, the Amendment,**
**         the Promissory Note, and the Termination Fee**

11.   On August 23, 2013, Blaster Entertainment advanced $68,040 to Key Science as the first installment on the loan in anticipation of Key Science's entry into the purchase agreement.

12.   Key Science then recited its intent to purchase an interest in Blaster Entertainment.

**1.      The Agreement**

13.   In an agreement dated October 16, 2013 (the "Agreement"), Blaster Entertainment and Defendant Key Science, acting by and through Defendant Hardat, agreed that Key Science would purchase a 49% interest in Blaster Entertainment, "conditional upon [Blaster Entertainment's] receipt by no later than the close of business on October 21, 2013 of the sum of Five Million One Hundred and Fifty Thousand and Four Hundred Dollars ($5,150,000.00)" from Key Science. The sum of $5,150,000.00 represented the $5,000,000 purchase price and repayment of the $150,000 loan. See Agreement attached hereto as Exhibit 1 at ¶ 1.

4

24th E-Filed: 12/03/2015 10:48:04 Case: 755930 Div:G Atty:019173 J DOUGLAS    SUNSERI

14.    The parties agreed that the Agreement "may not be modified other than by written instrument signed by both parties." Ex. 1 ¶ 5. The Agreement further provided that it "shall be construed in accordance with the laws of the state of Ohio without reference to conflicts of laws principles and the state and federal courts situated in Ohio shall have exclusive jurisdiction over any litigation." Ex. 1 ¶ 5.

### 2.    The Amendment

15.    In an amendment to the Agreement, also dated October 16, 2013 (the "Amendment"), Blaster Entertainment agreed to loan Key Science an additional $81,960 "[p]romptly following full execution of this Amendment." See Amendment attached hereto as Exhibit 2 at ¶ 1. On October 17, 2013, Blaster Entertainment wired $81,960 to Key Science. Combined with the earlier sum of $68,040, the loans from Blaster Entertainment to Key Science totaled $150,000 and were referred to as the "Loan." Ex. 2 ¶ 1.

16.    Key Science, acting by and through Hardat, and Hardat, individually, agreed as follows:

> The Loan shall be deemed repaid in full if the sum of Five Million One Hundred and Fifty Thousand ($5,150,000.00) Dollars has been paid in full by [Key Science] to [Blaster Entertainment] on or before October 21, 2013 pursuant to the Agreement. If not so paid by such date, then the Promissory Note for the Loan and a Termination Fee of Fifty Thousand ($50,000.00) Dollars for a total of Two Hundred Thousand ($200,000.00) Dollars, affixed hereto and made a part hereof as Exhibit "I", shall become effective and fully enforceable.

Ex. 2 ¶ 2.

17.    The Amendment further provided that "Dave Hardat personally guarantees the repayment of the Loan and Termination Fee if for any reason the Loan is not repaid by [Key Science]." Ex. 2 ¶ 3.

### 3.    The Promissory Note and the Termination Fee

24th E-Filed: 12/03/2015 10:48:04 Case: 755930 Div:G Atty:019173 J DOUGLAS   SUNSERI

18.   The promissory note attached to the Amendment as Exhibit I (the "Promissory Note"), executed by Hardat individually and on behalf of Key Science, provided as follows:

> For value received, Key Science, LLC and Dave Hardat, individually and jointly, ("Borrower") promise to pay to the order of Blaster Entertainment ("Lender") the sum of Two Hundred Thousand ($200,000.00) Dollars ("the Loan Amount") in one lump sum on October 22, 2013, if the sum of Five Million One Hundred and Fifty Thousand ($5,150,000.00) Dollars has not theretofore been paid by Borrower to Lender pursuant to Paragraph 1 of the Agreement of October 16, 2013.

See Promissory Note attached hereto as Exhibit 3.

19.   The Promissory Note further provided that "[i]n the event that Borrower defaults on the payment the Loan Amount shall immediately become fully due and payable. In addition, Borrower promises to pay all costs of collection and reasonable attorney's fees." Ex. 3.

20.   After providing that any dispute would be governed by Ohio law and heard before a court in Ohio, the Promissory Note provided that Blaster "shall not be obligated to proceed first against Key Science, LLC before enforcing this Note against Dave Hardat." Ex. 3.

**C.   Defendants' Default**

21.   Defendants failed to pay the $5,150,000 contemplated by the Agreement.

22.   Defendants also failed to make any of the $200,000 payment required by the Amendment and Promissory Note.

23.   In truth and in fact, neither Defendant had the intent or ability to make the purchase contemplated in the Agreement.

24.   Upon information and belief, all of the representations Defendants made as to their intent and ability to purchase an interest in Blaster Entertainment were knowingly false and fraudulently made, in that (a) such representations were material to the contemplated transaction, (b) such representations were made with the intent to mislead Blaster Entertainment into relying

6

24th E-Filed: 12/03/2015 10:48:04 Case: 755930 Div:G Atty:019173 J DOUGLAS  SUNSERI

upon them, (c) Blaster Entertainment justifiably relied upon the representations, and (d) as a result of its reliance upon Defendants' representations, Blaster Entertainment suffered injury by loaning $150,000 to Key Science that Defendants did not repay and by ending negotiations with other prospective purchasers.

### E.     Defendants' False and Fraudulent Attempts to Avoid and Delay Enforcement and Collection

25.     On or about October 17, 2013, Defendants sent to Blaster Entertainment an invoice backdated to August 23, 2013. See invoice attached hereto as Exhibit 4. The invoice was for water that was never ordered, shipped, or delivered, and Defendants sent it in order to create the appearance of consideration for the $150,000 loan. The invoice purports to reflect two payments by Blaster Entertainment to Key Science. The first, dated August 23, 2013, was for $68,040.00, and the second, dated October 17, 2013, was for $81,960.00. Ex. 4. The invoice purports to document payment for 8,180 units of "BLUE04 Water" at a cost of $18.00 per unit, plus $2,760.00 for shipping. Ex. 4. Blaster Entertainment never needed or ordered any water, and Key Science never delivered any water to Blaster Entertainment.

26.     Hardat thereafter left a voicemail for Mike Dennison ("Dennison"), President of Blaster Entertainment, informing Dennison that Hardat was "going into the bank this morning" to have the bank "re-credit" Hardat "if you guys didn't get that money yet, which I don't think you did." Hardat added that he would "handle it."

27.     On January 8, 2014, Hardat forwarded to Dennison an email of the same date with the subject line "Wells Fargo Account Update: External Wire Notification." See email trail attached hereto as Exhibit 5. In his transmittal to Dennison, Hardat wrote only "fyi." The "from" line on the forwarded email reads "Wells Fargo Online <alerts@notify.wellsfargo.com>." Ex. 5. The email contains the heading, "An update on your account activity," and purports to be "the

24th E-Filed: 12/03/2015 10:48:04 Case: 755930 Div:G Atty:019173 J DOUGLAS  SUNSERI

update you requested for your Wells Fargo account XXXXXX9933." Ex. 5. The description of the purported transaction has the subheading "External Wire ACH Payment," and contains only the words "BLASTER CORP." followed by "$150,000.00." Ex. 5. The update then states that "[t]his information is accurate as of 01/08/2014 00:58:30 CST." Ex. 5.

     28.    As indicated above, Blaster Entertainment did not receive any repayment from Defendants. This includes the $150,000 payment purportedly shown in the Wells Fargo email.

     29.    Upon information and belief, the email was Hardat's fraudulent creation. There are examples of fraudulent schemes involving emails purporting to be from Wells Fargo Online with the address alerts@notify.wellsfargo.com. See internet printouts attached hereto as Exhibit 6.

     30.    Since Defendants' failure to purchase an interest in it, Blaster Entertainment has attempted to mitigate its damages by finding an alternative investor. To date, it has been unable to do so. In the meantime, it has lost out on several months of growth that it would have enjoyed had it obtained the investment Defendants promised to make in it.

     31.    This lawsuit followed.

### FIRST CLAIM FOR RELIEF AGAINST BOTH DEFENDANTS

### Fraud in the Inducement

     32.    Blaster Entertainment repeats and realleges each and every allegation set forth in paragraphs 1 through 31 as if fully set forth herein.

     33.    Defendants' representations of their intent and ability to purchase an ownership interest in Blaster Entertainment were collateral to their agreement in the Promissory Note to repay the loan and pay the termination fee if they did not make the purchase, and were made with an actionable intent not to perform.

24th E-Filed: 12/03/2015 10:48:04 Case: 755930 Div:G Atty:019173 J DOUGLAS  SUNSERI

8

34.     Defendants' behavior in inducing Blaster Entertainment to enter into the Agreement even though they had neither the intent nor the ability to purchase an interest in Blaster Entertainment, all for the purpose of wrongfully obtaining $150,000 from Blaster Entertainment that Defendants never intended to repay, is so reckless, willful, or wanton that a finding of actual malice and an award of punitive damages should be made.

35.     By reason of the foregoing, both Defendants are jointly and severally liable for the damages suffered by Blaster Entertainment by their fraud in inducing Blaster Entertainment to enter into the Agreement, in the amount of not less than $5,200,000, punitive damages of not less than $1,000,000, and Blaster Entertainment's collection costs and reasonable attorney's fees.

### SECOND CLAIM FOR RELIEF AGAINST BOTH DEFENDANTS

#### Breach of Contract under the Promissory Note

36.     Blaster Entertainment repeats and realleges each and every allegation set forth in paragraphs 1 through 35 as if fully set forth herein.

37.     By reason of the foregoing, both Defendants are jointly and severally liable for the damages suffered by Blaster Entertainment by their violations of their contractual duties under the Promissory Note, in the amount of not less than $200,000, together with Blaster Entertainment's collection costs and reasonable attorney's fees.

WHEREFORE, plaintiff Blaster Entertainment demands judgment against both defendants as follows:

a.      On the First Claim for Relief, judgment against Defendants in an amount to be determined by the Court, but not less than $6,200,000, representing $5,200,000 in compensatory damages and $1,000,000 in punitive damages, plus collection costs and reasonable attorney's fees;

9

24th E-Filed: 12/03/2015 10:48:04 Case: 755930 Div:G Atty:019173 J DOUGLAS   SUNSERI

b.     On the Second Claim for Relief, judgment against Defendants in an amount to be determined by the Court, but not less than $200,000, together with collection costs and reasonable attorney's fees; and

c.     Interest and such other and further relief as the Court deems proper.

Dated: Cleveland, Ohio
       February 27, 2014

| | |
|---|---|
| DUBYAK CONNICK<br>SAMMON & BLOOM, LLC | LAW OFFICES OF<br>MICHAEL G. BERGER<br>Michael G. Berger, Esq., |
| By: /s/ James P. Sammon<br>     James P. Sammon, Esq.<br>     3401 Enterprise Parkway<br>     Suite 205<br>     Cleveland, OH 44122<br>     Phone: (216) 364-0500<br>     Fax: (216) 364-0505<br>     Email: jpsammon@dcsblaw.com<br>     *Local Counsel for Plaintiff*<br>     *Blaster Entertainment* | Pending *pro hac vice* admission<br>250 Park Avenue<br>Twentieth Floor<br>New York, NY 10177<br>Phone: (212) 983-6000<br>Fax: (212) 983-6008<br>Email: mgberger@mgberger.com<br>*Attorneys for Plaintiff*<br>*Blaster Entertainment* |

24th E-Filed: 12/03/2015 10:48:04 Case: 755930 Div:G Atty:019173 J DOUGLAS   SUNSERI